UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSLYNN HAMMERS, et al., | No. 2:15-cv-01800-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(1). Plaintiffs have filed a stipulated protective order that would cover documents related to a juvenile court proceeding. The stipulated protective order states, in relevant part, that "[i]f juvenile case file records (includes both Court records and records produced by the parties) are attached to a document filed or submitted to the court in the civil case, such records should be filed under seal in accordance with the Eastern District local rules." ECF No. 5-1 at 4. To the extent this proposed order creates an entitlement to file confidential information under seal, it is improper.

The court's Local Rule 141 sets forth the requirements for a party seeking to file documents under seal. Local Rule 141(a) states that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." A Court order is required for each sealing request. "To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing

of the document." L.R. 141(a).

Local Rule 141(b) sets forth the procedure for seeking to file documents under seal and states in pertinent part:

> [T]he 'Notice of Request to Seal Documents' shall be filed electronically . . . The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and the documents were served on all other parties.

Rule 141(b) further requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information."

In light of the foregoing instructions, which specifically require that motions to seal be filed even in the face of an existing protective order, the court finds the stipulated protective order to be procedurally improper and in violation of Local Rule 141. If the parties wish to file certain documents under seal they must make a motion showing such an order is appropriate under the applicable law. Accordingly, THE COURT HEREBY ORDERS that:

1. The parties shall refile a revised stipulation and proposed protective order that corrects the deficiencies set forth in this order; and

2. If, upon further consideration, the parties determine that there is no need for a court order due to a private agreement between them, they shall withdraw their stipulation and proposed protective order.

DATED: January 4, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2