1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSLYNN HAMMERS and DESIRAE HAMMERS,<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF SACRAMENTO, JENNIFER RAUZY, SEIHDI KLOH, CYNTHIA MARSHALL, JENNIFER LAMB, KELSEY JOHNSON, MARGO POREMBSKI, COUNTY OF YOLO, DAVID YENNE, BONNIE CHRISTEN, RYAN MEZ, and DOES 1-15 inclusive,<br><br>            Defendants.<br>_____ / | Case No.: 2:15-cv-01800-KJM-AC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING JUVENILE CASE RECORDS** |

Based upon the Stipulation Regarding Juvenile Case Records, submitted by ECF on January 21, 2016 by counsel for Sacramento County Defendants, on behalf of Defendants, Plaintiffs, and the Yolo County Defendants, the Court, having found GOOD CAUSE APPEARING, does hereby Order as follows:

**I.      JUVENILE CASE FILES**

Plaintiffs shall produce to Yolo County Defendants any and all documents produced pursuant to the juvenile dependency court's order:  joinder to disclosure of juvenile records after judicial review dated June 5, 2015 within 10 days of the attached (proposed) order.  The documents shall be Bates

1
**STIPULATED PROTECTIVE ORDER REGARDING JUVENILE CASE RECORDS**
{01500360.DOCX}

stamped with the prefix "SACJV." The Bates stamping will be done by use of conversion of the documents to PDF, and use of Adobe Acrobat's numbering method. Plaintiffs will also provide a courtesy copy of the documents to Sacramento County Defendants in an effort to maintain uniformity.

All parties' use of the documents is subject to the terms and restrictions described below.

## II.     COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT'S RECORDS

Defendant County of Sacramento shall produce to all other parties all documents in the County of Sacramento Sheriff's Department's possession related to this matter within 20 days after service of its initial Rule 26 disclosures. The Bates stamping will be done by use of conversion of the documents to PDF, and use of Adobe Acrobat's numbering method. The documents shall be Bates stamped with the prefix "SACSD."

All parties' use of the documents is subject to the terms and restrictions described below.

## III.    COUNTY OF YOLO'S SHERIFF DEPARTMENT'S RECORDS

Defendant County of Yolo shall produce to all other parties all documents in the County of Yolo Sheriff's Department's possession related to this matter within 20 days after service of its initial Rule 26 disclosures. The Bates stamping will be done by use of conversion of the documents to PDF, and use of Adobe Acrobat's numbering method. The documents shall be Bates stamped with the prefix "YCSD." The "documents" with regard to County of Yolo should also include dispatch recordings taken the morning of July 19, 2014, when Plaintiff's minor child was detained and given to a representative of the County of Sacramento's Child Protective Services.

## IV.     METHOD OF PRODUCTION

All documents described above that are produced by the parties shall be produced in Adobe Acrobat PDF format on a flash memory stick or CD, as the producing party shall elect.

If either party decides to withhold any document that is described above, that party shall produce a privilege log wherein each document withheld is described with sufficient specificity and particularity to allow the parties and/or the Court in this action to discern the time, date, author/recipient, and relationship of the document to the matter, and to a sufficient degree to allow identification of the document in a motion to compel. Further, the privilege log shall identify the factual and/or legal basis for any claim of privilege or confidentiality as to each document withheld

from production pursuant to the attached (proposed) order. The privilege log shall be placed as the very first document in the production of documents produced pursuant to the attached (proposed) order.

The documents withheld, in the case of actual documents, shall be replaced in the production where located in the originals with blank pages in an amount of pages equal to the original document being withheld, and bearing the statement "Privilege Claimed" in not less than 12 point font centered in the footer of the page, which are the sequentially Bates stamped as if they were the originals in sequence in the production. That Bates stamp number should be used for identification and stating the basis of the claimed privilege for the document(s) in the privilege log discussed above. Should the item or tangible thing in question be a physical item such as an audio tape, a single page which is also marked "Privilege Claimed" per directions above, with a brief description of the item, and that single page shall be inserted into the production in sequence. If there is a claim of privilege such item(s), that should also be included in the privilege log.

**V.    USE OF DOCUMENTS**

The documents produced pursuant to the attached (proposed) order shall only be used for the limited purpose of the subject civil litigation. Prior to filing any juvenile records under this (proposed) protective order, the party seeking to file will comply with Local Rule 141.

Except as necessary in the civil case, the released documents shall not be disclosed to anyone other than the parties, their counsel (including investigators and adjusters), experts, and if applicable, Defendants' insurance carrier. Upon conclusion of these proceedings and expiration of all appeal periods, documents produced pursuant to the attached (proposed) order shall be destroyed.

**IT IS SO ORDERED.**

DATED: January 25, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE