UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSLYNN HAMMERS, et al., | No. 2:15-cv-01800-KJM-AC |
| Plaintiffs, | |
| v. | STIPULATED PROTECTIVE ORDER; AND ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Defendant (Producing Party) COUNTY OF SACRAMENTO, in good faith, believes that certain documents relevant to the above-captioned case contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

These confidential documents include, but are not limited to:

1.  Training documents undertaken by the County Defendants occurring between January 1, 2010 through the date of production.

In light of the sensitive nature of the documents potentially to be disclosed and the strong presumption against disclosure of such information, the parties hereby request that any such disclosure be governed by a court-ordered protective order. The parties believe a court order, not a private agreement, properly facilitates the limited disclosure of such documents while protecting

them from general disclosure.

IT IS HEREBY STIPULATED by, among and between the parties through their respective undersigned counsel of record that the documents described herein, if ordered disclosed, may be designated as "Confidential" and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the civil case <u>Hammers v. County of Sacramento, et al.,</u> Case No. 2:15-cv-01800-KJM-AC and in the preparation and trial of the cases, or any related proceeding.

2. A party producing the documents and materials believed to be confidential as described herein may designate those materials as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) Parties to the case, their counsel of record, investigators, adjusters, experts, court reporters, and insurance carriers;

(b) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(c) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(d) Any expert, consultant or investigator retained in connection with this action;

(e) The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel; and

(f) Witnesses during their depositions in this action.

2

4. Prior to the disclosure of any "Confidential" information from the County of Sacramento to any person identified in paragraph 3 and its sub-parts, each such recipient of "Confidential" information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge that he or she has read this Stipulated Protective Order and agrees to abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The attorneys designated in subparts (a) and (b) of Paragraph 3 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" from the County of Sacramento are given. Producing Party may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that Receiving Party, or agents thereof, have breached the terms of the Stipulated Protective Order.

5. The documents produced pursuant to this Stipulated Protective Order shall only be used for the limited purpose of the subject civil litigation. Prior to filing any Sacramento County Department of Health and Human Services, Child Protective Services training documents under this Stipulated Protective Order, the party seeking to file will comply with Local Rule 141.

6. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent

challenge thereto.

8. Copies of Confidential Documents.

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential:"

(a) Counsel for each party shall receive one copy of the "Confidential" documents.

(b) Receiving Party shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source without further order of the Court or authorization from Receiving Party's counsel.

(c) If Receiving Party, in good faith, require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to Producing Party's counsel.  Upon agreement with Producing Party's counsel, copies will be produced in a timely manner to the requesting party, pursuant to the procedures of this Stipulated Protective Order.  Agreement shall not be unreasonably withheld by Receiving Party's counsel.

(d) Any additional copying of the "Confidential" documents beyond the first copy will be charged to the requesting party.

(e) If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order.  The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated Protective Order.  Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9. Notwithstanding the provisions of Paragraph 3, the information contained in the documents produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

10. Should any information contained in the documents designated "Confidential" be

disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform Producing Party's counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

11. No information shall lose its "Confidential" status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In addition, any information that is designated "Confidential" and produced by the parties does not lose its "Confidential" status due to any inadvertent or unintentional disclosure.

12. Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

13. Within 60 days after the final disposition of this action, as defined in paragraph 12, each Receiving Party must return all protected material to the Producing Party or destroy such material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in paragraph 12.

14. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

15. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Stipulated Protective Order as it may deem appropriate upon good cause shown and (b) adjudicate any dispute arising under it.

Respectfully submitted,

Dated: February 26, 2016            LAW OFFICE OF ROBERT POWELL

                                By   /s/ Brett O. Terry (as authorized on 2/26/16)
                                     Robert T. Powell
                                     Brett O. Terry
                                     Attorneys for Plaintiffs (Receiving Party)
                                     JOSLYNN and DESIRAE HAMMERS

Dated: February 26, 2016            LONGYEAR, O'DEA & LAVRA, LLP

                                By   /s/ John A. Lavra (as authorized on 2/26/16)
                                     John A. Lavra
                                     Amanda L. McDermott
                                     Attorneys for Defendants
                                     COUNTY OF YOLO, DAVID YENNE, and
                                     RYAN MEZ

Dated: February 26, 2016            PORTER SCOTT
                                    A PROFESSIONAL CORPORATION

                                By   /s/ Terence J. Cassidy
                                     Terence J. Cassidy
                                     John R. Whitefleet
                                     Ryan P. O'Connor
                                     Attorney for Defendants (Producing Party)
                                     COUNTY OF SACRAMENTO, JENNIFER
                                     RAUZY, SEIHDI KLOH, CYNTHIA MARSHALL,
                                     JENNIFER LAMB, KELSEY JOHNSON, and
                                     MARGO POREMBSKI

**IT IS SO ORDERED.**

DATED: February 26, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6